Nash, J.
 

 The plaintiff declared in assumpsit, for the non-delivery of a quantity of corn. The case was — the defendant being much indebted, several of his creditors obtained judgment against him, the executions upon which were levied on the corn in question, which was sold in parcels, and the plaintiff ifecame a purchaser of three of the lots. After the sale had closed, the officer observed to the parties, that he could not, at that time, measure out to the purchasers their respecti* quantities and proposed to the defendant, that he should do it. He agreed to do so. One witness stated his agreement to be, that he would deliver it, whenever they would call for it. Another witness stated the agreement to be, that he would deliver the corn, if the purchasers would call for it in a
 
 wepk
 
 or ten days. The sale and the a*eement were made on the 26th March 1816, and the demand for it ip June or July following. His Honor instruct^ the jury, if the promise by the defendant to deliver fl| corn was, as stated by the first witness, the plaintiff vSi entitled to recover ; but if it was, as stated by the second witness, he was not,, because in that case, the defendant’s promise to deliver did not extend beyond the time specified, and the subsequent refusal in June or July, did not vary the case.J^The jury found for the defendant and from the judgment the plaintiff appealed.
 

 We entirely concur with his Honor in the opinion given by him, and for the reason expressed. There being contradictory evidence as to the terms of the contract, it was a proper subject of enquiry to be made by the jury, what was the true and correct agreement ? They found that the defendant had agreed tb deliver the corn, if called for in a week or ten days. This being the contract, the plaintiff, to avail himself of it, in this form of action, ought
 
 *224
 
 to have demanded the corn within the time specified— that is on or before the first of April ’46 — as the days would then have expired. The action is on the contract and not for the conversion. The demand and refusal lo deliver being made in June, might have entitled the plain • tiff to damages in another form of action, but not in this.
 

 Per Curiam. Judgment affirmed.